UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY A. McDOWELL ,

    Applicant,

v.                                         CASE NO. 8:18-cv-2558-T-23JSS

WARDEN WALKER CLEMMONS,

    Respondent.
_____/

**O R D E R**

    Filing in the Northern District of Florida, Bey applied (Doc. 1) for the writ of habeas corpus under 28 U.S.C. § 2241. Because the judgment that imprisons Bey was issued by the circuit court in Hillsborough County, Florida, the Northern District transferred the action to the Middle District of Florida. Bey moves for reconsideration (Doc. 7) of the transfer. Because the judgment originates from Hillsborough County, the Northern District properly transferred the action to the Middle District. This action is neither Bey's first challenge to his conviction nor his first attempt to pursue relief under Section 2241.

    Bey challenges the validity of his state conviction for trafficking in heroin, for which he is imprisoned for fifteen years. Under Section 2243 a district court must review the merits of the application, which review discloses that Bey cannot proceed under Section 2241. Bey's first application was dismissed because he failed to follow the district court's instructions for filing a proper application under Section 2254.

(Doc. 7 in 8:14-cv-694-T-23TBM) Nearly two years later Bey filed his second application, one in which he pursued relief under Section 2241 instead of under Section 2254. The district court dismissed the application and advised Bey that he cannot proceed under Section 2241. (Doc. 10 in 16-cv-1432-T-23TGW)

Because he is imprisoned under a state court judgment, Bey must challenge the validity of his conviction in an application under Section 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that an application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied*, 541 U.S. 1032 (2004). Bey cannot circumvent Section 2254's limitation. "When we refer to a petition as being subject to § 2254, we mean § 2254 and all its attendant restrictions." *Medberry*, 351 F.3d at 1054 n.5.

Bey again asserts (just as he asserted in the earlier application under Section 2241) that the state court lacked jurisdiction because the arrest warrants were invalid. And Bey again presents neither an explanation for not presenting his claim before the limitation expired nor a basis for avoiding Section 2254's restrictions. *Medberry*, 351 F.3d at 1062, emphasizes that an applicant cannot use Section 2241 to circumvent Section 2254.

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ — to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner

>is in prison pursuant to something other than a judgment of a
>state court, e.g., a pre-trial bond order, then his petition is not
>subject to § 2254.

Bey cannot pursue a second or successive application without permission from the Eleventh Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The district court lacks jurisdiction to review Bey's application until the circuit court grants Bey permission to file a second or successive application. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the motion for reconsideration (Doc. 7) is **DENIED**. The application for the writ of habeas corpus under Section 2241 (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on November 13, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE